Oh, oh, Mhm. Okay, If you wanna get to Okay. Police Mr Edwards R. Mr doctor. Yeah, Mhm. Please speak up so the recording equipment can pick up everything you say in your comments today. Pay attention to the time signals. If you need additional time, you can still request. Thank you. May it please the court. My name is Eric Thorpe and I do represent the plaintiff appellant. My presentation today, I thought to arrange in a sort of tripartite fashion. First, I want to address the motion for summary judgment issue. Then I want to just emotional reconsideration and time permitting and the court's interest. I can address some of the suggestions in Natalie's brief that we didn't abide by the rules in this particular brief. I don't know that those are particularly compelling in this case, but if that's something the court wants me to address, I certainly will counsel. With all due respect, I have a question that I'd like to start with. Oh, quite all right. Um, well, you argued below theories relating to a land trust. You argue to this court various theories, including a unity of interest, alter ego, common loss, spendthrift trust argument. If even if we were to consider these arguments, how does do they convert the trust to the debtor as defined under the Uniform Fraudulent Transfer Act, which is the statute under which you suit? I think that's fundamentally the question that's up on appeal. I completely agree. And so let me address in the terms of the summary judgment motion, the alter ego theory and how it would, in fact, convert it. The land trust issue was raised in our original brief at the summary judgment at the response. In the reply, that's when counsel attached the actual trust. So the arguments in front, the oral argument in front of the trial court was based on the trust document itself. Well, but you had nine days in between finding that out and that oral argument. And you still that wasn't mentioned, however, during the argument. Correct? No, it wasn't that we had that we just got. It was mentioned that the trust was just attached to the reply. But you didn't ask for any additional time to raise it. You waited till the motion to reconsider, even though you had knowledge of it prior to that oral argument. That's correct. Okay, go ahead. I'm sorry. No, that's quite right. Your Honor. The alter ego argument in both in both the alter ego and the unity of interest sessions common law rule, they're both attempting to do the same thing, albeit through different legal theories. What is effectively in play is when a person who is the settlor, beneficiary and trustee of the trust uses that trust as an artifice to avoid credits, not to use it as a trust vis a vis maintaining assets in a way for estate planning. The law will permit in an alter ego theory to conflate the debtor and the trust or in sessions common law rule, it will void the trust to conflate the debtor and the trust. Well, that's only if there's a spendthrift clause. We don't have a spendthrift clause in this trust. No, I apologize. The difference is what mattered in sessions was not the spendthrift clause. What mattered in sessions was the mechanism. What was the mechanism? I apologize. What mattered in sessions was the mechanism by which the asset was put out of the reach of the creditor. So in sessions, what happens is he has passed away. It is now in spendthrift trust. Had he been alive and the case, the spendthrift provision wouldn't have mattered because we have a spendthrift provision in this trust. Not to avoid creditors. Yes, there's a spendthrift provision, but it doesn't apply to the beneficiary, to Mr. Nelson's creditors. That's the spendthrift. There is no dispute in the law in sessions or in this case. I don't think counsels argue this. And I believe his position is it's not a spendthrift trust as to Mr. Nelson because he can't get the benefit of the spendthrift trust. We all agree with that because that would mean anybody could put their money in the trust and then say, I'm sorry, there's a spendthrift provision. So that's not what you're arguing. That's not what I'm arguing. What I'm arguing here is what's the mechanism by which Mr. Nelson put the asset out of our reach? It was causing the trust to transfer. So similar, so we can imagine a situation where debtors put all of their assets into trusts. When the judgment finally comes down, they transfer it to the wife's trust for no consideration, which is effectively what happened here. Right. But for the Richard Nelson trust to be a debtor under the statute, it has to be liable on the claim. And there is no judgment against the trust. So again, how can this trust be a debtor? I would say it this way, Your Honor. In terms of, by the analogy we draw in the reply to the case in the corporate bill context, what happens is when you operate an entity, a trust, for example, in a way inconsistent with the way the law expects it to be as an instrumentality, you act as if it's your alter ego. You don't afford it its own separate legal standing. And then you transfer something out of it for limited or no consideration. Then you have, then the trust ceases to exist as a trust. It is your alter ego. It is you. It is the debtor. Because that's what alter ego is saying, is that you are the trust and the trust is you. If you don't absorb trust formalities, and it's very similar in a corporate piercing context, if you, the corporation and the trial court, the trial court made much of this is that the trust was a legal entity. In all piercing alter ego cases, the entity is a legal entity. But none of this was alleged. You didn't allege any of this in your complaint, your amended complaint, did you? We alleged, what we alleged was that in the complaint and the attachments to the contract, we alleged and argued orally that the personal financial statement represented that the interest was his, even though it listed title in the trust. It did. It listed the interest as his. Excuse me, which column would you say that? It's in assets in section three on the front page. I think you have it highlighted. Okay, let's add that. Right, but then this is a two-page document. So on the second page, he identifies title. And so second page, schedule D says that it has the address and then title in the name of Nelson Living Trust. And so what was argued at the, what counsel argued in front of the trial court, and this is the point, is he's disclosing that as a personal asset. But now he's saying it's not a personal asset. It's a trust asset. To me, the issue of title is in some sense a red herring. The question is who is controlling him? He is, he's the settler. Who is the trustee? He is. Who is getting the benefit? He is. Who is the getting of the benefit today? He is, because it's his house and he hasn't moved out. The deed that's attached to the complaint shows only $10 in consideration. Not legitimate consideration. So on the record in front of the trial court, and I think for DeNovo review of the Sonny judgment, I think you can look at those facts and the fact that the transfer is after the judgment, that he was using it as a vehicle to park his assets until such time as he needed to move them away from us. And when you act that way, when you treat the entity as if it is you and not a separate legal entity, you waive that legal protection. And that's, that's exactly what happens in piercing cases. People kind of, you know. Even, even if, if we only have evidence in this case or information in this case, that it was done one time with one asset. Now, most of the other cases that deal with this, especially that Dexia, what's been going on forever. And finally, Mr. whoever his name is, decides to move to Canada and not mess around with it anymore and leaves his children holding the bag. He was, he was doing this on a daily basis for all practical purposes and established a pattern that was quite obvious. This is after the judgment. It's several months after the judgment. If we were really going to hide things, you'd think on February 10th, he would have been back talking to his attorney, but he waited five months. Why, what, isn't there a significant difference between wine transfer and the Dexia, which is the kind of the leading case in this area? The answer is maybe. And my answer is maybe for this reason, this was a summary judgment case with no discovery into the other asset. So I can't tell you whether it was done or not done, but it's the burden of the move-in to convince you, not me, that it's clear from doubt that he wasn't using it this way. And so if we're asking the question, did he do it other times? I think we've gotten to the point where summary judgment was not appropriate because it has raised a question as to whether or not he's using it this way. What you've articulated, I think, would be the defense at later summary judgment or this was a one-time thing. There was a legitimate consideration that was done that way. It was done on that date, but it was planned for a while. There's a whole host of facts that I think could be discovered and articulated by the FLE to suggest that you're correct. It was not a one-time thing and it's excusable. Well, have you seen many deeds that actually show the actual consideration? I've seen 10, I've seen 15. I don't think I've seen more than $25 consideration on a deed. And on that point, Your Honor, I would say as the move act, I think he has to put forward to you that there was legitimate consideration because on the records presented to the trial court, and remember, he moved and didn't attach any documents on his original motion. I think that's incumbent upon him to convince you that it really was, that his wife's trust really didn't pay for it. Well, he attached it in response to an argument that you made that this was a land trust. That's how, the reason he attached that. Don't talk about the deed, Your Honor. What I'm saying is the deed was attached to the complaint and showed $50 to $10 in consideration. If the argument was that, no, no, my wife's trust really paid $200,000 or $400,000, then that should have been in the record. As the record reads. But that wasn't the issue before the court, was it? The issue of consideration was raised, I will say this to this court, I think I will say the facts were presented to the trial court. I don't believe the facts were presented to the trial court in the way that I'm presenting them to you today. I think that's a fair statement, but I think the record, and on summary judgment is a de novo review of that record, suggests that summary, he needs to show you more. He needs to show you the legitimate consideration. He needs to show that it was a one-time thing. He needs to show all the things that I'm saying so that you are clear from doubt to affirm summary judgment. Well, again, that was never argued below. Going back to your theories that you're using now, the unity of interest, the common law, and possibly, yes, the alter ego. I apologize. Alter ego was addressed in the summary judgment response and in oral argument. So let's leave that aside for a minute. Why are these other theories not forfeited since they were not argued below and you've indicated yourself they weren't? I would say twofold. I don't think they're needed. I think the alter ego, I'm standing before you today, I would suggest why we should, but I want to be clear that I believe alter ego, which was preserved and was argued, is I think the strongest procedurally and strongest substantively. Because I don't want to get lost in the morass, which I tend to think the briefing did because of this forfeiture issue, what was raised and not raised. My position is, and I'm not dodging your question, I'll get to that. But these issues were raised at the summary judgment hearing. The facts are there. So I am sort of putting my hat on the alter ego. The argument as to why they were, are they forfeited? I don't know that they are forfeited, Your Honor. I believe that the trial court is afforded a great amount of discretion. I would argue, as we argue in the briefs, that perhaps it was an abuse of in response to the complaint, I know in response to the reply, I know the court isn't enamored with that, that we had time within the seven days to do something and to find that, and I would suggest that perhaps a motion to strike would have been appropriate, but it was inappropriate to even attach it to a reply when it wasn't attached to the complaint, but that was a decision that was made in real time by the trial lawyer handling it. I believe that the outcome in Sessions and the common law rule are so strong that even if they were forfeited, that it suggests that a manifest error would be committed, so I would ask that the court give those due reading, but I don't, I will be blunt. I think the outcome is the same under alter ego. I think the facts are the same. But then the only authority you cite is this Dexia versus Rogan case. Which is, I believe, the leading case. Well, but that's a district court opinion from the federal system. That isn't precedent for us. No, but it's not waived, Your Honor, and what I'm arguing to you is if the Sessions common law rule is valid. But what other authority is there for this alter ego? That is the authority, Your Honor. Now, I would argue that the additional public policy behind the what Dexia is doing is what you're seeing in Sessions and the common law rule is that the trust can't be used as an artifice. So I would say it's, it would be a new application, if you will, of Sessions and the common law rule, but because the public policy is the same, that if you're going to have a trust, you can't use it as an artifice to defeat your creditors. The Supreme Court said in Sessions that the alter ego theory and fraudulent transfer act are compatible, correct? Yes. Right. They found there was no inconsistency between the two laws, correct? That was the issue in front of them. That was what the holding of the case was. The specific holding in the case was that they don't do different things, but the case, it was premised on the fact that the common law rule and Sessions allows you to ignore the trust artifice, and that doesn't cause a problem with the fraudulent transfer act. Thank you. Thank you, Your Honor. Thank you, Your Honor. Thank you, Mr. Porter. I'd like to address first just a couple of points that counsel was just asked about by Your Honor, Justice Zinoff. One of the points he brought up was he said that the trust was used as a vehicle to park the assets and move them away. I'm sorry to say that again. The trust was a vehicle to park the assets away from creditors and move them away, and if you look at the complaint and the documents attached, which are considered to be controlling, you'll notice that personal financial statement attached has a date signed on it. It's 2010. That's three years before this case even started in Michigan, and that judgment occurred in 2013, so if they're going to argue that this was to park, to move it away, there must have been some ESP or something going on here to actually do it ahead of time on this, so it was in that trust well before this case appeared to start in Michigan. Now, the transfer, though, occurred afterwards, correct? The transfer did occur afterwards, Your Honor. After the judgment. It did, Your Honor. It occurred nine months after the judgment, but the issue then comes back to fundamentally here, the statute we're dealing with here talks about the transfer of it's by a judgment debtor. The judgment debtor, as Your Honor has already said, and we've already heard plenty of times today, is a person who, which a claim is against, and while counsel's making arguments about the trust and saying that the trust, you know, in certain circumstances can be disregarded, or the alter ego or whatever. Alter ego, right. Why is it we like that? In those cases, Your Honor, involve situations where someone is doing something inappropriate to the trust, and here we've got a complaint where there are no facts alleged as to that, as to like Mr. Nelson, with respect to his trust, doing certain things. We talked about piercing the corporate veil. Well, you look at certain facts that are alleged. Here's what this person did. A, B, C, D, E. Here, all we have is basically an allegation complaint saying that as trustee of his trust, he transferred the property in paragraph 12. A lot of them briefed in their reply, Your Honor, which I didn't get a chance to address, obviously, that I'm going to address now, talks about judgment debtor being joint, meaning Mr. Nelson and the trust, well, they, they grouped them together. The problem with that, Your Honor, if you look at the statement of the nature of the action, the statement of facts, they kind of disregarded that when they actually made the pleadings here in the facts, because you have defendant debtor and spouse upon information of belief or husband and wife, for example, in paragraph number four. Well, if that's the trust in the individual, his trust isn't married, it's not married to his wife. Do they mention in the facts, in the verified complaint, they don't have an allegation about the trust in that first section? Do they, they talk about defendant debtor as an individual, defendant spouse as an individual, defendant debtor and defendant spouse are husband and wife. So are there any allegations there about the trust? No, Your Honor, unless you take the construction from the reply brief where they're trying to say defendant debtor is him individually and as trustee of his trust, which they did in their reply. That's in line two of the verified complaint, correct? Well, in the actual introduction, what they did in their reply, they said defendant Richard C. Nelson, individually and as trustee of his trust, jointly defendant debtor. And that's what they tried to argue in their reply brief, but if you really look at the way it's laid out there, his trust didn't marry his wife. When they talk about exhibits that are attached, for example, they talk about him signing the personal financial statement, that exhibit B, defendant debtor, that was signed by him. He didn't say defendant, he didn't say Dick Nelson, he said Dick Nelson as trustee. So really, if you look at that, I want to address that point in the reply brief, that they really didn't do that when they carried it through the complaint. The only time they mentioned him in the role as trustee is in paragraph 12, when they're saying as trustee of the self-titled trust, then he transferred the property. And we all know that the exhibits control the complaint, if there's any inconsistencies, but when it's attached to the complaint, it's two simple things. A judgment against Mr. Nelson as a judgment debtor individually, and the deed which was transferred, exhibit E says, Mr. Nelson as trustee transfers, you know, the trust interest and property to his wife's trust. These things do not line up. And to the extent, I'm sorry. When you finish that thought, I was going to say, to the extent that there's an argument from the reply brief about ambiguity, which I would argue might be forfeited because it's borrowed for the first time in the reply on appeal, they talk about ambiguity of the statute. I don't think there's any ambiguity under the UFTA with respect to judgment debtors. Pretty clear what it says. It says it's a person liable on a claim that can include an individual, individual or a person can include Mr. Nelson individually. It can be as trust. So the statute is very clear as far as what applies. And what we have here is a case where the complaint alleges that the actual judgment against Mr. Nelson individually, they knew that it was in his trustee before this case got filed years before, you know, and they just proceed against him for whatever reason, but your honor, I'm sorry. I mean, isn't the rule, the law that a pleadings, pleadings can be amended to comply with the proofs any time prior to judgment? Yes. So if we get to that point, couldn't he have accomplished those things that you said he didn't at this point? No one has done that at any point. We are up on this case on summary judgment. We're in front of the judge, not only on the summary judgment proceeds, motion to reconsider proceeds at no point in time was this complaint amended. There wasn't an allowance for a independent bank to actually amend the complaint after the first summary judgment on a different issue regarding this financial statement, but that was not done. So if they had gone ahead and asked the trial court to amend the complaint, then at that point in time, I'm sure the court would have allowed it, but they never asked that quite frankly. I think if this case goes back, then I imagine there might be an amendment at that time, but this shouldn't be at that point. That should have been done way back then if that was what they wanted to proceed with, they could have asked for discovery too, I mean, this trust here that we attached to the reply is something they had almost a year before six months or a year before, you know, we filed a summary judgment motion at that time, but they never asked for any discovery or anything else like that. So to wait till the 11th hour to do something on this, it's kind of late. Well, but the plaintiff does claim that they had no opportunity to present this argument regarding the common law rule because you only produce this trust document in reply to an argument they made. And your honor, that's a, if I can answer that, I think that's a fallacy. And your honor, I know it's not part of the record on appeal, so to speak. I did, in the part of the report received, there is my argument about them having, before I had an email between myself and I referenced, I think, in the actual report of proceedings and from prior counsel and counsel for independent bank, where they actually turned it over as part of a collection proceeding in a different case a long time before. And so they actually had that well before they even filed the complaint in this matter. And so to say that, Hey, look, we're going to have to bring this up for the first time in the motion we consider on Sessions, after I've gone ahead and said that they failed to do it the first time, that's, that's incorrect. Well, in their verified complaint in paragraph 13, they talk about during discovery of defendant debtors assets, defendant debtor testified that he purchased his residential property in the 1960s. This discovery was with respect to this case or a different case that they're referring to in their verified complaint? They're referring to the previous case of this, your honor, which came up with citation to discover assets that happened before this. So they had the document in a different case. They did before. And they did not, same attorneys, same counsel, same, same firm involved in that case as well, your honor. And, um, we brought it up in a reply to the land trust argument. The purpose is to show this is not a land trust. Here is this trust. We weren't sandbagging anybody. That's why we brought it up. And for them to say they didn't have it, I had to go back after that to go back to the trial court on the Sessions matter, find an email from previous counsel showing that you tendered the trust to them a long time ago. And so to say that, Hey, we're bringing up sessions now because, you know, we got new information that that's wrong. Doesn't each case, all right, but doesn't each case stand on its own legs, so to speak, I mean, you had, you get, if you had discovered all finished in one and it's resolved, so be it now you ask for discovery in this new issue or this new case and you have to do it again. Oh, I agree a hundred percent. Except for the fact that when they file a motion to reconsider on something not raised before, and I object to being the first time, then the response is, Hey, we never had this document before and that's why we're doing it. That's really not the same situation. Um, they talked about the trust. I believe it'd be inconsistent or, you know, talk about, Hey, we're alter ego, we're not using it right. But there's no facts alleged in the complaint. No facts to show how Mr. Nelson used the trust or anything improper with respect to like the whole in the corporate bail that they were talking about. I think counsel's argument, as I've read it in the documents is I don't really have to allege it, but I have to show it by facts. Um, how do you respond to that? Well, then I like to see where in the complaint it's addressed that these facts were alleged because we, I'm allowed to bring a summary judgment on the filing of the complaint. I'm allowed to do that. And when I did that, there was nothing alleged in the old adage, just proof is pleading is bad. Please stop proof. I don't know if I said that right. I'm sure. But the fact is I'm going off of what was before me at that time. Um, the other thing too, is I think for us again, I'm going to run out of time with the plain error issue, your honor, the council brought up that this court has the ability to deal with it. I acknowledge that it is an ability for the court to do something, but that applies in situations that apply to mischaracterization of fact, character assassination, or appeals to motion of prejudice. That's when plain error generally gets applied in the civil context. None of those are set forth in any of the briefs or just before this court. So the extent of course, talking about waiver and forfeiture, and I've addressed those in my, my brief here. I don't think we're in that kind of situation here. There was no trial. There's no appeal to prejudice or error or anything like that. We had a proceeding before court, we went forward, no one objected to the way the proceedings went, and now we're here before this court. Um, with that concept of plain error, which of course we're familiar with in criminal cases, in civil cases, it's applied where there's an egregious injustice, an egregious error. Why isn't this particular, this is a big amount of money. I mean, I recognize that there are other debtors, but your client is your client, the person, Mr. Nelson, um, was a debtor in this. Why would letting him off the hook, as it were, not be egregious? Well, first of all, he's not off the hook. This is one action against him. He is still liable in the $1.2 million judgment that an independent bank can sue against him for the rest of his life in another way they want to. He's not off the hook. As far as being egregious, look at the process and the procedure involved. I filed a motion for summary judgment. The court had a briefing schedule. Counsel for an independent bank didn't ask for any discovery or anything else like that. There's nothing hidden, no discovery held back. There's no jurors, no prejudice. Those are the things that are involved with the plain error of the civil context in the case that an independent bank cited as replied. Those are not present here. They have a fair opportunity to present their arguments at the trial court, to see other things they did not, there's certain things they did, certain things they didn't do. There were no discovery requests of any kind? No, I filed a summary judgment motion. We went straight to a briefing schedule. No one ever asked for any discovery or anything of that nature. Well, you also filed it in conjunction with a 615 and a 619-1, didn't you? I did, Your Honor. And at any point in time, and that's related to the two counts that are not part of this appeal. And still in those situations, there were plenty of times I've been involved with the trial court where someone says, I need something to look at or ask for, Hey, look, Your Honor, I want to get some more facts. I want to make my complaint. I want to do something. They just went forward with the briefing schedule. I, I'm advocating for my client. I shouldn't have to go ahead and say, well, Your Honor, maybe we could pull this aside and see if they want some discovery on it. Uh, the courts routinely, even if it's a 619.1, the court could have done a lot of things, but they weren't asked. They didn't say, we want to have some discovery. Can we hold off on this now? Well, we usually don't do discovery is what I'm saying. It's 615 and 619-1s, do we? No, we don't. And at the same time though, at no point in time was anything before Your Honor's record in an appeal to say that any request was to even defer ruling on the 615 and so they could discover with respect to the summary judgment component. I mean, there's nothing asked, no request for the court. The court can't be faulted for parties agreeing to go for a briefing schedule. And that's what we did. Um, I really don't think there's an issue of ambiguity here. I think the statute is plain and clear. It's a uniform law. I think applying the other aspects to this, that let's look at the law on the Internal Revenue Code and other, they serve different purposes. The statute is plain and clear as far as what the definition of a judgment debtor is, and that's what we applied in this case, what was applied in this case. Um, I'm sorry. I'm just trying to see if there's anything else I have before we run out of time. Or if anyone has any questions, obviously I'm open to those. No. That's fine. Okay. Thank you for your time, Your Honor. The bottom of the floor. Let me, well, let me just, I thought you might point in that direction. If before I'm considered an advocate for your position that it wasn't alleged it was an evidentiary fact, what's the authority for that? It's a legal theory. Alter ego is a legal theory. And it should be plied. Well, then I believe you only plead facts. I guess this is fundamentally a pleading issue where when you plead a legal theory of alter ego, the answer is, this is a legal allegation to which no answer is required. I technically don't think under the rules I should, I think people do it and abundance of caution, but I don't believe it's proper pleading. It's not a fact. You can have the cause of action where you, in your elements of the cause of action, you would say so-and-so have reached his duty, so-and-so had a duty, something along those lines, but those are facts that a duty did in fact exist. I don't know that you would say that Bill is the alter ego of his trust is a fact. It's a legal conclusion that I would defend in a 615, 619, or a sovereign judgment based upon the facts that I did in fact plead. And the facts that you did in fact plead that would substantiate the alter ego theory consists of the reference in line three to both defendants, Richard C. Nelson, individually, and as trustee of Richard C. Nelson declaration of trust and then parent defendant debtor. Is that what you're referring to? No, I, I, I, I, the, the allegations I would look at are the allegations and what was attached to the complaint. When we attach the personal financial statement and he bifurcates the interest and identifies it as his own while identifying entitled in the trust. Excuse me, one second. That, where does that appear? The personal financial statement. Well, that's as an attachment. That's an attachment, but it's alleged, it's alleged in the complaint, it's identified as an exhibit to the complaint. So it's, it's there in the record for me to argue to the point. But what paragraph is that counsel? It is referenced in eight. And it's identified provided defendant debtor provided plaintiff with his personal financial statement representing that his net worth was approximately $3 million and that he possessed and or controlled real estate with substantial equity, a true and correct copy. But you don't allege anything about the fact that it was bifurcated. No. Well, he identified the $3 million is based upon him counting the interest as his, in other words. Well, but again, that's what you're telling us now. The allegation is not what you just represented. The allegation is what we've just looked at. And I've just read, I guess what my, my position, what matters is he's, it's not the bifurcated, I apologize. What matters is he's counting it as is. He's saying that's my money. That's what he holds the interest of. He is his interest. And that's, that's what he, that's why, that's why he's counting it as his, not the trust, even though title. And that's, I apologize. So even though he might have counted it as his, because he was a beneficiary of that trust, that doesn't count. Well, he represented to us that his net worth was $3 million. So he's saying that's the money I have that's available. That's what he, now he's not, he didn't hide that it's in a trust. I don't want, I want to be clear. I'm not saying he hid that it's in a trust. What I'm saying is he acted as if it was his. He's the settler. He's the trustee. He's the beneficiary. He then transfers it for $10 consideration. And I understand the court's point that deeds often do that, but as not, as a non-movement, that's not my response. My responsibility is to say, okay, what do you have more than the $10? So those, when you look at the deed, the timing, the lack of consideration that he gave it to his wife. The timing was nine months later. Correct. He's had the property since the 1960s and only transfers his interest away after the judgment. I understand it's nine months from the judgment to the transfer, but it's 50 years from ownership to transfer. And it's on those facts that you think you have, have alleged sufficient evidence to argue Walter Eagle theory. That is correct. And I would say on the amendment issue, the trial court was very clear in her ruling that this was a final order. We did ask for leave to amend in the motion to reconsider. We asked the plaintiff may generally amend his verified complaint as request number three in the wherefore clause on C-151-8165. So we did ask to amend as part of the motion that we considered, but I don't believe it's a, I don't, I don't believe actually it is appropriate to file a motion for leave to amend while the summary judgment is in file. I think the appropriate mechanism is to go forward with the hearing and to defend trial counsel. This will be the last thing I say, I apologize. I don't know what that email says. That email that counsel referenced is not attached in his response to the motion for reconsideration. So that's not something he raised to the trial court as an explanation. I don't know what the email is. I don't know the context of the email. I don't know to whom it was sent, whether it was received. I would have been within my rights to file a motion to strike that as outside of the record, but I didn't. Justice trial counsel made certain determinations as to handle the extra material in the summary judge motion. Am I right or am I wrong? It may depend on the outcome, but I think there are decisions that are made for good faith reasons that ought not prejudice litigants later on in the case. And I appreciate your indulgence and thank you for the courtesy. Thank you. Court thanks both parties for their arguments today. We'll take the case under advisement. A written decision will be issued in due course. Court stands in recess until the next case is called.